UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>John DOE subscriber assigned IP address 107.195.5.78,<br><br>　　　　　　　　Defendant. | Case No.: 22-cv-1023-TWR-AGS<br><br>**ORDER GRANTING MOTION FOR EARLY DISCOVERY (ECF 4)** |

Plaintiff seeks leave to serve a third-party subpoena before a Rule 26(f) Conference in order to identify the true name and address of the defendant in this action. That motion (ECF 4) is **GRANTED**. *See Malibu Media, LLC v. Doe*, No. 16cv444 GPC (BGS), 2016 WL 1618227, at *3-4 (S.D. Cal. Apr. 22, 2016); *Malibu Media, LLC v. John Does 1 through 16*, No. 12-cv-1847-AJB (DHB), 2012 WL 3809128, at *3-5 (S.D. Cal. Sept. 4, 2012). In order to justify issuance of an early subpoena to identify a defendant, plaintiff must show "good cause." *See Malibu Media*, 2016 WL 1618227, at *2.

> District courts in the Ninth Circuit apply the following test to determine whether early discovery may be permitted to locate defendants: first, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that the requested discovery will lead to identifying information about the defendant that would make service of process possible.

*Id.*

Plaintiff has shown, by way of affidavits attached to its motion, that defendant is real and can be sued. *See id.* at 3. Plaintiff has—through the identification of the unique IP address, the dates and times of the alleged connections, and the name of the Internet Service Provider (ISP)—identified defendant with the requisite specificity to justify an early

1  subpoena. *See id.* Plaintiff identified the defendant's unique IP address and adequately
2  established that it cannot identify defendant further without the requested facts from the
3  ISP. *Id.* Because of the Cable Privacy Act, the ISP cannot yield this information without a
4  subpoena from this Court. *See* 47 U.S.C. § 551(c). And plaintiff alleges that it owns the
5  copyrights at issue and specifically lists the registration numbers of the allegedly infringed
6  works. Thus, the complaint, at least on its face, states a claim. Finally, plaintiff has shown
7  that the requested discovery will lead to identifying information, as it has identified a
8  unique IP address that an ISP can tie, at least potentially, to a specific individual. *See*
9  *Malibu Media*, 2016 WL 1618227, at *4.

    Accordingly, plaintiff has established good cause and may serve a subpoena upon the ISP seeking only the true name and address of the individual identified. Plaintiff may not seek any further information without leave of Court, or propound any other discovery, and may not use the information gathered through the subpoena for any purpose except to identify and serve the proper defendant in the instant litigation. If the ISP seeks to quash the subpoena, it must do so before the subpoena's return date, which must be at least 45 days from service.[1] In the event the subpoena is challenged, the ISP must preserve the data sought until that dispute is adjudicated. A copy of this order must be attached to and accompany the subpoena.

Dated: August 12, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

---

[1] The Court notes that, should the ISP qualify as a "cable operator" under 47 U.S.C. § 522(5), it is required to provide a copy of this order to any individual whose personal identifying information is disclosed as a result of this order.